UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

LONNIE LADEAN KESTNER,

    Petitioner,

v.

BLAINE C. LAFLER,

    Respondent.

Case No. 1:08-cv-877

Honorable Robert Holmes Bell

**MEMORANDUM OPINION**

       This is a habeas corpus proceeding brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is serving concurrent sentences of 9-to-40 years after his conviction in the Berrien County Circuit Court for operating a methamphetamine lab and manufacture of a controlled substance. His *pro se* habeas corpus petition and supporting brief raise seventeen grounds for relief. Presently pending before the court are a number of procedural motions filed by petitioner. Petitioner's motions are frivolous and will be denied.

       Petitioner's first motion requests that the court "take judicial notice of adjudicative facts." (docket # 41). Attached to the motion is a communication mailed to the Berrien County Circuit Court in which petitioner attempts to invoke provisions of the Uniform Commercial Code "for full settlement and closure" conditioned upon the Clerk settling and closing the account via setoff and adjusting the account to zero. Apparently, petitioner is under the delusion that invoking the provisions of the Michigan Uniform Commercial Code will allow him to satisfy his criminal conviction. He asks that the court take notice of his offer to tender payment and that the court order

petitioner discharged immediately and that his "account balance" be adjusted to zero. Petitioner's request for relief from a state conviction on the basis of the Uniform Commercial Code is patently frivolous and warrants no further discussion. The motion will be denied.

Petitioner next seeks a protective order, ostensibly pursuant to Fed. R. Civ. P. 69, which governs the issuance of writs of execution on money judgments rendered by the federal courts. Obviously, Rule 69 provides no authority to grant a habeas petitioner any relief. The gravamen of petitioner's motion for protective order is a challenge to the decision of the Michigan Department of Corrections to transfer petitioner to the Ojibaway Correctional Facility, located in the Northern Peninsula. Petitioner claims a contractual right arising from the terms of the criminal judgment to be housed only within the Southern District of Michigan. He contends that he is now housed in the Northern Peninsula "against his will and under protest." He requests an order from this court requiring his transfer to the Southern Peninsula and his reassignment to protective custody.

Petitioner's request for a protective order is meritless, on two separate and independent grounds. First, the pending habeas corpus case concerns the fact and duration of petitioner's confinement, not the conditions of confinement. Challenges to a prisoner's conditions of confinement must be brought by civil rights action pursuant to 42 U.S.C. § 1983, after complying with all of the requirements imposed on such actions by the Prison Litigation Reform Act. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004). Second, petitioner has no right enforceable in the federal courts to enjoy any particular place of confinement or custody level. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976). His assertion of a contractual right enforceable against the State of Michigan to be housed in a particular

part of the state is nonsensical on its face, but in all events is a state contract claim, not a federal habeas corpus claim.

Petitioner next moves for a preliminary injunction "barring respondent from transferring prisoner and/or warehousing prisoner in any other jurisdiction than that authorized on the face of the contract/judgment." Petitioner apparently seeks specific performance of some sort of contract that he perceives exists between him and the State of Michigan concerning the conditions of his confinement. Again, any such specific performance action based upon a contractual claim is outside the jurisdiction of the federal court.

Finally, petitioner seeks to expedite this court's review of his habeas corpus petition, complaining that his case has been pending for ninety days after filing of the state-court record. This court adjudicates habeas corpus actions in the order in which they were filed. Unfortunately, there are many undecided cases filed in the year 2007 that the court will be required to adjudicate before reaching petitioner's case. The court will reach the merits of petitioner's case in due course; it would be unfair to other petitioners to take this case out of turn. One of the many factors delaying prompt adjudication of this particular case is plaintiff's incessant filing of nonsensical motions, such as the present ones, which only waste the time of the court and consume resources that would be better devoted to review of substantive claims. Petitioner's motion to expedite the review of his action must therefore be denied as well.

Dated: November 5, 2009 /s/ Joseph G. Scoville
United States Magistrate Judge