UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LONNIE LADEAN KESTNER,

    Petitioner,

                                                File No. 1:08-cv-877

v.

                                                HON. ROBERT HOLMES BELL

BLAINE C. LAFLER,

    Respondent.
                                              /

**MEMORANDUM OPINION AND ORDER**
**<u>ADOPTING THE REPORT AND RECOMMENDATION</u>**

        This matter is before the Court on a habeas corpus petition, filed by petitioner Lonnie Kestner pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) A Report and Recommendation ("R&R") was issued by the Magistrate Judge on December 29, 2011, recommending that this Court deny the petition. (Dkt. No. 71.) Petitioner's objections to the R&R were timely, entered on January 15, 2012. (Dkt. No. 72.)

        This Court must make a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify, in whole or in part, any or all of the findings or recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

        Petitioner's first objection is that the Magistrate Judge was generally inattentive to the facts and evidence of the case. This is an invalid objection, as it does not address "the

proposed findings and recommendations," Fed. R. Civ. P. 72(b), and because general objections are insufficient. *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."). Even if it were a valid objection, Petitioner's belief is refuted by the thoroughness of the fifty-one page R&R.

Secondly, Petitioner objects to being denied an evidentiary hearing for the purpose of asking Detective Zehm whether the police work which led to the testimony of Mr. Zelmer was proper.  If Petitioner has failed to develop the necessary factual basis for his claims in state court, an evidentiary hearing in a §2254 action can only be granted if Petitioner can show:

> (A) that the claim relies on —
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). Petitioner fails to satisfy this standard.  Petitioner fails to bring to light any evidence short of conjecture and suspicion, and aims to discover information which would have been readily attainable by him at the time of trial.  Accordingly, petitioner is not entitled to an evidentiary hearing.

A third objection put forth by Petitioner pertains to the ineffective assistance of counsel. The Magistrate Judge aptly covered both this topic and the similar topic of the ineffective assistance of appellate counsel. In his objection, Petitioner refers to the conflict of interest which occurred very early in the proceedings, when defense counsel believed he would be representing three defendants, including Petitioner, and met with one of the other defendants in jail (Tr. II, 249-59). Upon realizing that there was a conflict of interest, the attorney ended his interaction with the other two defendants and represented only Petitioner (*Id.* 275).

The court concurs with the Magistrate Judge's determination that this incident does not meet the high standard for ineffective assistance of counsel set forth in *Strickland v. Washington,* 466 U.S. 668, 688, (1984). To qualify as ineffective, counsel's performance must have fallen below an objective standard of reasonableness, and the failure of counsel to meet that standard must have resulted in an unreliable or fundamentally unfair outcome. *Id.* Additionally, if there is an insufficient showing on one of the two prongs in the test, it is unnecessary to address the other, and the claim fails. *Campbell v. United States,* 364 F.3d 727, 730 (6th Cir. 2004) (quoting *Strickland*, 466 U.S. at 697).

As discussed by the Magistrate judge, the state court followed the rule governing unanticipated conflicts of interest, which provides that a court "must afford one or more of the defendants the opportunity to retain separate lawyers," and must "take such action as the interests of justice require." MICH. CT. R. 6.005(G). The brief conflict of interest of

3

Petitioner's trial counsel was quickly remedied and did not give rise to ineffective assistance of counsel.  Furthermore, Petitioner has failed to prove any actual prejudice, and so this court must operate under the presumption that the findings of the state trial and appellate courts were correct. *Sumner v. Mata,* 449 U.S. 539, 546 (1981).

After review of the R&R and Petitioner's objections thereto, the Court concurs with the conclusions of the R&R.  Accordingly,

**IT IS ORDERED** that Petitioner's objections to the Report and Recommendation (Dkt. No. 72) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. No. 71) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DENIED**.


Dated: June 11, 2012                              /s/ Robert Holmes Bell
                                                  ROBERT HOLMES BELL
                                                  UNITED STATES DISTRICT JUDGE